IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03061-BNB

DAVID LEE JOHNSON,

    Applicant,

v.

ANGEL MEDINA, Warden - Fremont Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, David Lee Johnson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  On November 20, 2012, Mr. Johnson filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction imposed in Criminal Case No. 96CR4145 in the district court for El Paso County, Colorado.

    On January 14, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On March 8, 2013, after being granted an extension of time, Respondents submitted their pre-answer response (ECF No. 13).  On April 29, 2013, Mr. Johnson filed a reply (ECF No. 18) to the pre-answer response

    The Court must construe Mr. Johnson's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Johnson pleaded guilty pursuant to a plea agreement to second-degree kidnapping and first-degree sexual assault, and the prosecution dismissed other counts, including two habitual criminal counts. ECF No. 13, ex. A (state court register of actions) at 2-4. In addition, the parties stipulated to a sentencing range of 37 to 55 years' imprisonment. ECF No. 13, ex. A at 23-24. Prior to sentencing, Mr. Johnson filed a motion to withdraw his guilty plea, arguing that his thinking was impaired at the time of the plea because of undiagnosed diabetes and plea counsel coerced him to plead guilty. ECF No. 13, ex. B (letter from Applicant) at 1; G (*People v. Johnson*, No. 98CA2077 (Colo. Ct. App. Mar. 9, 2000) (not published)) at 3. The trial court denied the motion, and on September 3, 1998, imposed consecutive prison sentences totaling fifty-five years. ECF No. 13, ex. A at 21-22; ex. G at 4. On March 9, 2000, the Colorado Court of Appeals affirmed. ECF No. 13, ex. G. On September 18, 2000, the Colorado Supreme Court denied certiorari review. ECF No. 13, ex. I.

On October 4, 2000, Mr. Johnson filed a letter requesting the appointment of conflict-free counsel "to pursue possible 35(c) Ineffective Assistance of Council [sic], Post Conviction Relief" in No. 96CR4145. ECF No. 13, ex. A at 20; ex. C at 1. On October 12, 2000, the Court granted the request and appointed counsel. ECF. No. 13, ex. A at 20.

On September 16, 2003, counsel filed a motion for postconviction relief pursuant

2

to Rule 35(c) of the Colorado Rules of Criminal Procedure asserting various claims of ineffective assistance of plea counsel. ECF No. 13, ex. A at 18; ex. D (Colo. R. Crim. P. 35(c) motion). On April 19, 2007, the trial court issued a minute order summarily denying the Rule 35(c) motion. ECF No. 13, ex. A at 10; ex. M (*People v. Johnson*, No. 09CA2596 (Colo. Ct. App. Aug. 25, 2011) (not published)) at 2. On appeal, the Colorado Court of Appeals remanded the case to the trial court to enter findings of fact and conclusions of law. ECF No. 13, ex. K (*People v. Johnson*, No. 07CA0910 (Colo. Ct. App. Feb. 26, 2009) (not published)) at 8. On remand, the trial court entered an order denying Mr. Johnson's Rule 35(c) motion. ECF No. 13, ex. A at 8. The order was affirmed on appeal. ECF No. 13, ex. M. On August 27, 2012, the Colorado Supreme Court denied certiorari review. ECF No. 13, ex. O. On August 10, 2012, Mr. Johnson filed the instant habeas corpus application. He asserts nine claims that:

> (1) His guilty plea was not knowing, voluntary, or intelligent because of his hypoglycemic condition at the time he entered his plea;
>
> (2) Plea counsel was ineffective by failing to investigate and challenge DNA evidence;
>
> (3) Plea counsel was ineffective by failing to discover – and the prosecution failed to disclose – exculpatory evidence;
>
> (4) Plea counsel was ineffective by failing to investigate an alternate suspect;
>
> (5) The trial court violated his due process and equal protection rights by denying his postconviction motions without conducting an evidentiary hearing;
>
> (6) The trial court violated his due process and equal protection rights by making insufficient findings of fact, and the court of appeals erred by presuming the validity of the

3

>trial court's order;
>
>(7) The trial court violated his due process and equal protection rights by failing to review adequately his claim of actual innocence;
>
>(8) The trial court violated his due process and equal protection rights by failing to review his claim of ineffective assistance of post-conviction counsel; and
>
>(9) The trial court violated his due process and equal protection rights by ruling that his merger claim was time-barred.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

>(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Johnson's criminal case became final.  The Colorado Supreme Court denied certiorari review in Mr. Johnson's direct appeal of his criminal conviction on September 18, 2000.  Mr. Johnson did not seek a writ of certiorari from the United States Supreme Court.  As a result, his conviction became final ninety days later, on December 17, 2000, although the one-year limitation was continued until the next business day, or Monday, December 18, 2000, when the time in which he could have petitioned for review in the United States Supreme Court expired.  *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  The limitations period ran unabated until it expired on December 18, 2001, the anniversary of the start of the limitations period.  *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003).  Because the limitations period expired before Mr. Johnson filed his Rule 35(c) motion for postconviction relief through counsel on September 16, 2003, the motion did not toll the limitations period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations.").

The letter Mr. Johnson filed on October 4, 2000, requesting the appointment of

conflict-free counsel to pursue a Colo. R. Crim. P. 35(c) motion in No. 96CR4145 also did not toll the limitations period.  Under Colorado law, a motion for postconviction relief must allege one or more specified grounds and must seek to vacate, set aside, or correct the sentence, or seek an order to correct a violation of the applicant's constitutional rights.  See Colo. R. Crim. P. 35(c)(2), (3).  Mr. Johnson's letter fails to set forth any claims.  See ECF No. 13, ex. C at 1.  Rather, it expressed an intent "to pursue possible 35(c) Ineffective Assistance of Council [sic], Post Conviction Relief" in 96CR4145.  ECF No. 13, ex. C at 1.  As a result, the instant action was filed over a decade after the one-year limitations period expired.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).  Mr. Johnson bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same

fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."

*Id.* at 324.

  Mr. Johnson fails to demonstrate that the one-year limitation period should be tolled for equitable reasons, and the Court finds no basis for equitable tolling in this action.  As a result, the Court finds that this action is barred by the one-year limitation period in § 2244(d), and the action will be dismissed for that reason.  Because the Court has determined that the action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

  Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Johnson files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  17th  day of    May    , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court