IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03061-LTB

DAVID LEE JOHNSON,

    Applicant,

v.

ANGEL MEDINA, Warden - Fremont Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

ORDER DENYING MOTION TO RECONSIDER

Applicant, David Lee Johnson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He filed *pro se* on June 17, 2013, a motion to alter or amend judgment (ECF No. 21) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on May 17, 2013. The Court must construe the motion liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). See Van Skiver, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Mr. Johnson's motion to reconsider was filed thirty-one days after the Court's Order of Dismissal and Judgment were entered on May 17, 2013. Therefore, the motion will be construed as a motion seeking relief from the judgment filed pursuant to Fed. R. Civ. P. 60(b).

On May 17, the Court dismissed the instant action as time-barred. See ECF No. 19. The May 17 dismissal order discusses in detail the reasons for the dismissal.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. See Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the motion and the entire file, the Court finds that Mr. Johnson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 60(b) motion will be denied.

In addition, on July 17, 2013, Applicant filed a request (ECF No. 22) for a copy of the docketing statement for this case. The request will be denied. Mr. Johnson may obtain copies of the docket sheet and electronic documents filed in this action at a cost of $.50 per page paid in advance. He is advised to keep his own copies of any documents that he files with the Court because the Court's electronic filing system does

not allow the Court to maintain paper copies.

Accordingly, it is

ORDERED that the motion to alter or amend judgment (ECF No. 21) that Applicant, David Lee Johnson, filed *pro se* on June 17, 2013, and which the Court has treated as a motion to seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied. It is

FURTHER ORDERED that the request for a free copy of the docketing statement (ECF No. 22) is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of   July  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court