FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

December 4, 2013

Elisabeth A. Shumaker
Clerk of Court

---

DAVID LEE JOHNSON,

    Petitioner - Appellant,

v.

ANGEL MEDINA, Warden - Fremont Correctional Facility; and THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents - Appellees.

No. 13-1324
(D.C. No. 1:12-CV-03061-LTB)
(D. Colorado)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Defendant and petitioner, David Lee Johnson, a Colorado state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal the denial of his 28 U.S.C. § 2254 petition challenging the validity of his conviction for kidnaping and first degree sexual assault. The district court denied the habeas petition and dismissed the action as barred by the one-year limitation

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

period applicable to habeas petitions under 28 U.S.C. § 2244(d).  Mr. Johnson filed a motion to alter or amend that judgment, construed as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b), which the district court also denied.  The district court then denied Mr. Johnson a COA, finding that he had not made a substantial showing of the denial of a constitutional right, and denied him permission to proceed on appeal *in forma pauperis*.  Concluding that Mr. Johnson has not met the requirements for the issuance of a COA, we deny his request for one and dismiss this matter.

## BACKGROUND

Mr. Johnson pled guilty pursuant to a plea agreement to second-degree kidnaping and first-degree sexual assault, resulting from an incident which occurred on September 7, 1996.[1]  The parties stipulated to a sentencing range of 37 to 55 years' imprisonment.

Prior to sentencing, Mr. Johnson filed a motion to withdraw his guilty plea on the ground that his thinking had been impaired at the time of the plea because of undiagnosed diabetes and because plea counsel coerced him into pleading guilty.  The district court denied the motion, after conducting an evidentiary

---

[1] In its decision affirming his conviction, the Colorado Court of Appeals stated that "Defendant admitted that there was a factual basis for his pleas and detailed for the court how he had kidnaped a young woman at gunpoint and forced her to drive to a parking lot where he forcibly raped her."  People v. Johnson, No. 98CA2077 (Colo. App. March 9, 2000) (unpublished).  R. Vol. 1 at 153.

-2-

hearing, R. Vol. 1 at 121, and, on September 3, 1998, imposed consecutive prison sentence terms totaling fifty-five years. On March 9, 2000, the Colorado Court of Appeals affirmed the conviction. People v. Johnson, No. 98CA2077 (Colo. App. March 9, 2000) (unpublished). R. Vol. 1 at 151. On September 18, 2000, the Colorado Supreme Court denied certiorari review. Johnson v. People, No. 00SC445 (Colo. Sept. 18, 2000) (unpublished). R. Vol. 1 at 168.

On October 4, 2000, Mr. Johnson filed a letter requesting the appointment of conflict-free counsel "to pursue possible 35(c) Ineffective Assistance of Counsel, Post Conviction Relief in this Case." R. Vol. 1 at 99. The court granted the motion and, on October 12, 2000, appointed counsel.

On September 16, 2003, counsel filed a motion for postconviction relief under Colo. R. Crim. P. 35(c), asserting various claims of ineffective assistance of plea counsel. The district court issued a minute order summarily denying the motion. On appeal, the Colorado Court of Appeals remanded the case to the trial court to enter findings of fact and conclusions of law. People v. Johnson, No. 07CA0910 (Colo App. Feb. 26, 2009) (unpublished). R. Vol. 1 at 201. On remand, the trial court entered an order denying applicant's motion. The Colorado Court of Appeals affirmed. People v. Johnson, No. 09CA 2596 (Colo. App., Aug. 25, 2011) (unpublished).[2] R. Vol. 1 at 249. The Colorado Supreme

---

[2]We note that the decision of the Colorado Court of Appeals affirming the denial of Mr. Johnson's Rule 35(c) motion includes the following: "As to the
(continued...)

-3-

Court denied certiorari review.  Johnson v. People, No. 2012SC146 (Colo. Aug. 27, 2012) (unpublished).  R. Vol. 1 at 270.

On August 10, 2012, Mr. Johnson filed the instant § 2254 habeas application, raising the following issues:  (1) Mr. Johnson's guilty plea was not knowing, voluntary, or intelligent because of his hypoglycemic condition at the time he entered his plea; (2) plea counsel was ineffective by failing to investigate and challenge DNA evidence; (3) plea counsel was ineffective by failing to discover, and the prosecution failed to disclose, exculpatory evidence; (4) plea counsel was ineffective by failing to investigate an alternate suspect; (5) the trial court violated Mr. Johnson's due process and equal protection rights by denying his postconviction motions without conducting an evidentiary hearing; (6) the

---

[2](...continued)
second prong of the Strickland test, the record includes a letter from defendant–written *before* he entered his guilty plea–in which he indicated that he was aware of the alleged discrepancies in the DNA evidence and requested that it be retested.  Under these circumstances, defendant has failed to show a reasonable probability that he would not have entered a guilty plea in the absence of the allegedly deficient performance of his counsel."  People v. Johnson, No. 09CA2596 , slip op. at 5 (Aug. 25, 2011) (unpublished); R. Vol. 1 at 254.  The court's order also indicated that "the name of the alternative suspect appears on the good faith list of witnesses filed by plea counsel before defendant entered his guilty plea."  Id. at 7.  Finally, the court addressed Mr. Johnson's "actual innocence" claim:  "defendant argues that the district court violated his rights because it did not adequately review his allegation of actual innocence.  As noted, however, when the motion, files, and record clearly establish that the allegations are without merit and do not warrant postconviction relief, a court may properly deny a Crim. P. 35(c) motion without holding an evidentiary hearing."  Id. at 8.

Thus, the "actual innocence"/fundamental miscarriage of justice claim upon which Mr. Johnson now relies was, in fact, raised before the Colorado state courts, and it was addressed and rejected by those courts.

-4-

trial court violated Mr. Johnson's due process and equal protection rights by making insufficient findings of fact, and the Colorado Court of Appeals erred by presuming the validity of the trial court's order; (7) the trial court violated Mr. Johnson's due process and equal protection rights by failing to review his claim of ineffective assistance of post-conviction counsel; and (8) the trial court violated Mr. Johnson's due process and equal protection rights by ruling that his merger claim was time-barred.

The district court ordered the respondents to file a pre-Answer response, addressing the affirmative defenses of timeliness and exhaustion of state remedies. The respondents filed that Answer, arguing Mr. Johnson's application was untimely and that only three of his claims were exhausted and cognizable.

The district court then determined that Mr. Johnson's petition was untimely under the one-year limitation period applicable to habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That one-year period commences on "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). The court noted that Mr. Johnson's conviction became final on December 18, 2000, and the "limitations period ran unabated until it expired on December 18, 2001, the anniversary of the start of the limitations period." Order of Dismissal at 5, R. Vol. 2 at 23. Accordingly, "[b]ecause the limitations period expired before Mr. Johnson filed his Rule 35(c) motion for

postconviction relief through counsel on September 16, 2003, the motion did not toll the limitations period." Id.

The court then considered whether there was any basis for equitably tolling the statute of limitations, noting that "[e]quitable tolling . . . may be appropriate if the applicant actually is innocent." Id. at 6 (citing Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)). As the court further observed:

> An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in Schlup v. Delo, 513 U.S. 298 (1995), and Coleman v. Thompson, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."

Id. at 6-7 (citing Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010); quoting Schlup, 513 U.S. at 324, 327). The court accordingly dismissed the petition as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The court also found that any appeal from the order would not be taken in good faith and therefore *in forma pauperis* status was denied for the purpose of an appeal. This request for a COA followed.

-6-

## DISCUSSION

"A COA is a prerequisite to appellate jurisdiction in a habeas action." Lockett v. Trammel, 711 F.3d 1218, 1230 (10th Cir. 2013).  It may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected . . . constitutional claims on the[ir] merits," the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where, as here, a district court's ruling rests on procedural grounds, the applicant must prove both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.; Woodward v. Cline, 693 F.3d 1289, 1292 (10th Cir.), cert. denied, 133 S. Ct. 669 (2012).

Mr. Johnson argues his habeas petition was "erroneously dismissed by the United States District Court due to its failure to consider [his] actual innocence with respect to equitable tolling of the statutory time limits set by 28 U.S.C. § 2244(d)."  Appellant's Op. Br. & App. for COA at 8.  He thus argues that issuance of a COA is required, as well as a remand to the district court for an evidentiary hearing into his claims of actual innocence.

-7-

Mr. Johnson cites McQuiggin v. Perkins, 133 S. Ct. 1924, 1931, 1933 (2013), in which the Supreme Court reaffirmed that there is an "equitable exception" to the statute of limitations applicable to habeas claims, but "only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin, 133 S. Ct. at 1933). Thus, under McQuiggin, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin, 133 S. Ct. at 1928. The Court's opinion in McQuiggin makes clear the limitations on its holding: "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup, 513 U.S. at 329)). "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." Id. at 1933; see Gore, 720 F.3d at 817.

The Court stressed the "demanding" nature of the test for permitting the gateway to open: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316).

The Court also noted that the degree of diligence displayed by the petitioner in pursuing and presenting the new evidence "bears on the determination whether the petitioner has made the requisite showing [of actual innocence]." Id. at 1935.

Mr. Johnson argues that there was DNA and other evidence casting doubt on his guilt, which his plea counsel failed to further investigate and/or properly present or discuss with him, and that his counsel failed to discover and/or the state withheld at some point a serology report which he says casts doubt on his guilt. He attaches to his COA request materials from forensic serologists which suggest the reports and evidence used in connection with Mr. Johnson's conviction should be retested and are, in various ways, inaccurate. All of this, he avers, suggests the need for us to remand this case to the district court for an evidentiary hearing in which he can establish his actual innocence. Thus, he argues that reasonable jurists could conclude that the district court erred in rejecting his claim that he has presented "evidence of innocence so strong" that we cannot have confidence in his conviction.

We disagree with Mr. Johnson. First, Mr. Johnson pled guilty. While he claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty. See Goosby v.

-9-

Trammell, 515 Fed. Appx. 776, 777 (10th Cir. 2013) (unpublished)[3] (rejecting actual innocence argument, stating "[g]iven [petitioner's] guilty plea and his failure to address other evidence that contributed to his plea, he fails to carry the heavy burden of 'show[ing] it is more likely than not that no reasonable juror would have convicted him'") (quoting McQuiggin, 133 S. Ct. at 1935); Chestang v. Sisto, 522 Fed. Appx. 389, 390 (9th Cir. 2013) (unpublished) (rejecting petitioner's "actual innocence" claim, noting that he "specifically pleaded guilty").

Second, the evidence is not "new." Actual innocence claims focus on "new" evidence—"relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327-28; see Chestang, 522 Fed. Appx. at 391. As one district court pointed out, "[petitioner] has presented no *new evidence*, he simply argues the DNA evidence which existed at the time he pled guilty is evidence of his innocence." Ross v. King, No. 1:13cv70-HSO-RHW, 2013 WL 6048156, at *3 (S.D. Miss. Nov. 15, 2013) (unpublished); see James v. Ratman, No. CV 11-8693-ABC(MAN), 2013 WL 5840278, at *8 (Oct. 28, 2013) (unpublished) (noting that statement of which petitioner "was fully aware . . . before and during his trial . . . cannot be said to constitute the requisite 'evidence claimed to have been wrongly excluded or to have become available only after the trial'") (quoting

---

[3]Since this case is unpublished, we cite it only for the persuasive value of its reasoning.

-10-

Schlup, 513 U.S. at 328)).  As indicated above, supra n.2, the Colorado Court of Appeals' decision affirming Mr. Johnson's Rule 35(c) motion indicated that he was aware of alleged discrepancies in the DNA evidence and the existence of an alternative suspect *before* he pled guilty.

Third, while the allegedly "new" evidence has been in existence since Mr. Johnson's plea of guilty, he only now seeks to present it as grounds for his actual innocence.  "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin, 133 S. Ct. at 1935.

In short, Mr. Johnson has not convinced us that the district court erred in any respect in concluding that his case is not one of "rare" cases meeting the "demanding" test for ignoring the one-year limitations period otherwise applicable to his petition.  We cannot say that any reasonable jurist would disagree with or find fault with the district court's analysis.  Furthermore, given that Mr. Johnson has presented the evidence he believes shows his actual innocence, we cannot say that the district court abused its discretion in denying an evidentiary hearing.  See United States v. Flood, 713 F.3d 1281, 1290 (10th Cir.), cert. denied, 82 USLW 3104, 3166, 3185 (Oct. 7, 2013).

**CONCLUSION**

For the foregoing reasons, we DENY a COA and DISMISS this matter. We DENY *in forma pauperis* status, and remind Mr. Johnson that he must make full payment of all applicable fees.

                                        ENTERED FOR THE COURT

                                        Stephen H. Anderson
                                        Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker            Douglas E. Cressler
Clerk of Court                   Chief Deputy Clerk

December 04, 2013

David Lee Johnson
FCF - Fremont Correctional Facility
P.O. Box 999
Canon City, CO 81215-0999
#98338

**RE:** 13-1324, Johnson v. Medina, et al
Dist/Ag docket: 1:12-CV-03061-LTB

Dear Appellant:

Enclosed is a copy the court's final order issued today in this matter.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:    John Jacob Fuerst III

EAS/kf